IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2009

## DEMORRIS MARCEL CHILDRESS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 11500 & 11541   Robert Crigler, Judge**

_____

**No. M2008-01658-CCA-R3-PC - Filed August 11, 2009**

_____

Petitioner, Demorris Marcel Childress, pled guilty in Bedford County to two counts of possession of a Schedule II substance for resale, both Class B felonies, on two separate dates. Subsequently, Petitioner filed two petitions for post-conviction relief, in which he argued that he had ineffective assistance of counsel and that his guilty pleas were unknowing and involuntary. The post-conviction court dismissed the petitions after a hearing. We determine that Petitioner has failed to show that he received ineffective assistance of counsel or that his guilty pleas were entered involuntarily. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Emerterio R. Hernando, Lewisburg, Tennessee, for the Appellant, Demorris Marcel Childress.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; Charles Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner pled guilty on March 19, 2007, to possession of a Schedule II substance for resale, a Class B felony, in case number 16198. As part of the plea agreement, Petitioner received a nine-year sentence to be served with a 30% release eligibility date in the Department of Correction.

On May 21, 2007, Petitioner pled guilty in case number 16226 to possession of a Schedule II substance for resale. In case number 16226, Petitioner agreed to a ten-year sentence as a Range

I offender. The ten-year sentence was ordered to be served consecutively to the sentence in case number 16198.

At the plea hearings, the facts revealed that in case number 16198 police were dispatched to a residence in response to a domestic disturbance. When they arrived at the address, Petitioner answered the door and informed them that there was no problem. Petitioner allowed the police to come in and take a look around even though they did not have a search warrant. The police saw one other person when they entered the residence and were informed that another person was in the bathroom. There was nothing out of the ordinary except for a "pretty strong odor of marijuana" and "some open beers." As they were leaving, the police were notified that there was an outstanding warrant on one of the men. They went back to the door and took the man into custody. They saw something being placed into a trash can and "observed some green leafy material" and a "clear plastic baggy" containing "crack cocaine." At first, none of the men claimed ownership or possession of the cocaine. Petitioner eventually admitted that it was his cocaine.

In case number 16226, the facts showed that Petitioner did not appear in court for an arraignment. Petitioner was later taken into custody. As he was patted down, an officer recovered a rock of crack cocaine in Petitioner's lower pant leg, along with $395 and a cell phone. The cocaine weighed fourteen grams.

In February of 2008, Petitioner filed his first pro se petition for post-conviction relief, alleging ineffective assistance of counsel and the involuntariness of his plea in case number 16198. Petitioner filed a second petition for post-conviction relief in case number 16226 on April 11, 2008. The post-conviction court appointed counsel for Petitioner, and an amended petition for relief was filed.

The petitions alleged that Petitioner received ineffective assistance of counsel and that his guilty pleas were unknowingly and involuntarily entered. Specifically, Petitioner claimed that counsel failed to communicate and competently advise him prior to trial; failed to interview witnesses; failed to file proper pretrial motions; failed to advise him about the consequences of pleading guilty; and incorrectly advised Petitioner regarding the range of punishment he faced. Further, Petitioner alleged that he was unaware that the sentences in his two guilty pleas were set to run consecutively. As a result of all of trial counsel's actions, Petitioner alleged that his guilty pleas were entered unknowingly and involuntarily.

At the hearing on the post-conviction petitions, Petitioner testified that counsel met with him only one time prior to the entry of the plea in case number 16198. At that time, trial counsel discussed Petitioner's charge and what he was "facing." Petitioner wanted trial counsel to re-interview the arresting officer because the officer "got the story twisted" on the witness stand and felt that counsel was merely "in a hurry to go on and get [him] to plea out . . . ." Petitioner admitted that he did not ask trial counsel to file any pretrial motions but argued that a motion to suppress should have been filed because he did not give consent for the police to search the trash can where the Schedule II drugs were found.

-2-

Petitioner insisted that trial counsel did not review the plea agreement with him prior to the entry of the plea. Petitioner claimed that, at the time of the plea, he was "young and ignorant" and did not comprehend what trial counsel told him about the plea agreement. Petitioner claimed that trial counsel told him that as a "first time offender" the sentence would run concurrently with his other pending charge. Petitioner acknowledged on cross-examination, however, that he had multiple misdemeanor convictions and multiple probation violations on his record. Petitioner was under the impression that he was going to go to "boot camp" and be home in "four months" and insisted that he would have taken the cases to trial "[i]f I would have known then what I know now . . . ."

In case number 16226, Petitioner informed the post-conviction court that trial counsel visited him twice to discuss the case. Petitioner admitted that he got caught "red handed" with the drugs and that his chances of acquittal at trial were slim. Petitioner claimed that he did not appear in court for the arraignment because his "continuance papers" told him to come on March 21st rather than February 22nd. Petitioner complained that trial counsel did not file a motion to suppress and that trial counsel failed to inform Petitioner that he could file a petition for post-conviction relief.

Petitioner alleged that he was not aware that his sentence in case number 16226 was mandatorily consecutive to his other sentence because he was on bond when he committed the new offense. According to Petitioner, trial counsel informed him that the sentences would run concurrently. Petitioner did ultimately acknowledge, however, that he signed the plea agreement in case number 16226 that stated the sentences would run consecutively. Further, Petitioner admitted that the State announced the sentence, and he agreed with the sentence when questioned by the trial court.

Trial counsel had been licensed to practice law for about twenty years at the time of the hearing. For the past ten years, trial counsel had worked as an assistant public defender, handling thousands of felony criminal cases. Trial counsel filed a motion for discovery when he was appointed to represent Petitioner and spoke with Petitioner regarding the charges. According to trial counsel, Petitioner admitted that the crack found in the trash can belonged to him and also admitted that he was "selling dope." Trial counsel interviewed the arresting officer and learned that the drugs were in plain view. As a result of this interview, trial counsel determined that a motion to suppress would be unsuccessful. Trial counsel stated that Petitioner was not interested in going to trial.

Trial counsel was appointed to represent Petitioner in case number 16226 as well. Trial counsel thought that there was no valid basis for a motion to suppress and actually remembered talking to Petitioner about the fact that he would probably not get a minimum sentence because he brought such a large quantity of cocaine into the courtroom in his pantleg.

Trial counsel thought that the plea acceptance hearings were "very thorough" and made sure to explain the agreements to Petitioner prior to the entry of the plea. According to trial counsel, Petitioner knew "up front" that he would be receiving consecutive sentences.

At the conclusion of the post-conviction hearing, the post-conviction court dismissed the petition for relief. Specifically, the post-conviction court accredited the testimony of trial counsel. The post-conviction court determined that trial counsel told Petitioner that his sentences would be consecutive and that Petitioner agreed with that sentence at the plea acceptance hearing. In fact, the post-conviction court found that it would be "perjury" for Petitioner "to come in and say otherwise." Further, the post-conviction court stated that there was no "coercion, threats or promises" present that indicated either of these guilty pleas were induced improperly. In other words, the post-conviction court determined that Petitioner pled guilty freely and voluntarily and that trial counsel did not deliver ineffective assistance of counsel.

Petitioner filed a timely notice of appeal, challenging the dismissal of his petition for post-conviction relief.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. *Boykin*, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W .2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S .W.2d at 904.

In the case herein, Petitioner has failed to show that trial counsel was deficient. Specifically, Petitioner has failed to show that but for trial counsel's alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. The testimony at the hearing, as accredited by the post-conviction judge, indicated that Petitioner was informed by trial counsel prior to the plea hearing about the charges he was facing and that they would likely run consecutively. Further, the evidence of the crimes led trial counsel to the ultimate decision that a motion to suppress would not likely be successful. Finally, Petitioner failed to show that trial counsel was deficient for failing to advise Petitioner that if he "went to trial and lost, his sentence would have been the presumptive range of 8 years, absent any enhancement." Petitioner's offenses were committed after June 7, 2005, the date of the enactment of the amendments to the Sentencing Act. Moreover, Petitioner had a prior criminal record, which could have been used to enhance his sentence. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE